UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-61093-CIV-MARTINEZ-BECERRA

ADIDAS AG, *et al.*,

    Plaintiffs,

vs.

ADIDASNOSKO.COM, *et al.*,

    Defendants.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS MATTER** was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, for a Report and Recommendation ("R&R") on Plaintiffs' Motion for Entry of Preliminary Injunction ("Motion"), (ECF No. 5). Judge Becerra filed an R&R recommending that the Motion be granted. (ECF No. 24). The Court has reviewed the entire file and record, and notes that no objections have been filed.

Accordingly, after careful consideration, it is hereby **ADJUDGED** that Judge Becerra's R&R, (ECF No. 24), is **AFFIRMED** and **ADOPTED**. Further, it is **ADJUDGED** and **ORDERED** that Plaintiffs' Motion for Entry of Preliminary Injunction, (ECF No. 5), is **GRANTED** as set forth below:

    1. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are restrained and enjoined until further Order of this Court as follows:

        a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing and/or using the

    adidas Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiffs; and

  b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiffs, bearing and/or using the adidas Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the adidas Marks, or any confusingly similar trademarks.

 2. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the adidas Marks, or confusingly similar trademarks, on or in connection with all Internet websites, domain names, or businesses owned and operated, or controlled by them, including the Internet websites operating under the Subject Domain Names.

 3. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of Plaintiffs' Marks, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet websites registered, owned, or operated by any Defendant, including the Internet websites operating under the Subject Domain Names.

4. Each Defendant shall not transfer ownership of the Subject Domain Names during the pendency of this action, or until further Order of the Court.

5. Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Subject Domain Names that may have been deleted before the entry of this Order.

6. Upon Plaintiffs' request, the privacy protection service for any of the Subject Domain Names for which the registrant uses such privacy protection service to conceal the registrant's identity and contact information is ordered to disclose to Plaintiffs the true identities and contact information of those registrants.

7. The domain name registrars for the Subject Domain Names shall immediately, to the extent not already done, assist in changing the registrar of record for the Subject Domain Names to a holding account with a registrar of Plaintiffs' choosing (the "New Registrar"), excepting any such domain names which such registrars have been notified in writing by Plaintiffs have been or will be dismissed from this action, or as to which Plaintiffs have withdrawn their request to immediately transfer such domain names. To the extent the registrars do not assist in changing the registrars of record for the domains under their respective control within one business day of receipt of this Order, the top-level domain (TLD) registries, for the Subject Domain Names, or their administrators, including backend registry operators or administrators, within five business days of receipt of this Order, shall change, or assist in changing, the registrar of record for the Subject Domain Names to a holding account with the New Registrar, excepting any such domain names which such registries have been notified in writing by Plaintiffs have been or will be dismissed from this action, or as to which Plaintiffs have withdrawn their request to immediately

transfer such domain names. Upon the change of the registrar of record for the Subject Domain Names, the New Registrar will maintain access to the Subject Domain Names in trust for the Court during the pendency of this action. Additionally, the New Registrar shall immediately institute a temporary 302 domain name redirection which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/Ds35k4m/index.html whereon copies of the Complaint, this Order, and all other documents on file in this action are displayed. Alternatively, the New Registrar may update the Domain Name System ("DNS") data it maintains for the Subject Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where copies of the Complaint, this Order, and all other documents on file in this action shall be displayed. After the New Registrar has effected this change, the Subject Domain Names shall be placed on lock status by the New Registrar, preventing the modification or deletion of the domains by the New Registrar or Defendants.

8.  This Order shall apply to the Subject Domain Names, associated websites, and any other domain names, websites which are being used by Defendants for the purpose of counterfeiting Plaintiffs' Marks at issue in this action and/or unfairly competing with Plaintiffs.

9.  As a matter of law, this Order shall no longer apply to any Defendant or associated domain name dismissed from this action or as to which Plaintiffs have withdrawn their request for a preliminary injunction.

10. Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiffs shall maintain their previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a

wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

11. This Order shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated to by the parties.

**DONE AND ORDERED** in Miami, Florida, this 31 day of August, 2023.

                                                JOSE E. MARTINEZ
Copies provided to:                            UNITED STATES DISTRICT JUDGE
Magistrate Judge Becerra
All Counsel of Record